1
2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3
4
5
6
7
8
9

| | | |
|---|---|---|
| 5AIF JUNIPER 2, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:22-cv-01162-GMN-EJY |
| vs. | ) | |
| | ) | **ORDER** |
| JAMES WHITE; JEAN WHITE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

10
11
12
13

Pending before the Court is Plaintiff 5AIF Juniper 2, LLC's ("Plaintiff's") Motion to Remand, (ECF No. 8). Defendants James White and Jean White ("Defendants") filed a Response, (ECF No. 10), to which Plaintiff filed a Reply, (ECF No. 11), and a Supplement to its Reply,[1] (ECF No. 15).

14
15

Further pending before the Court is Defendants' Motion for Leave to File Sur-Reply,[2] (ECF No. 13), to which Plaintiff filed a Response, (ECF No. 14).

16
17

Also pending before the Court is Defendants' Motion to Dismiss, (ECF No. 5). Plaintiff filed a Response, (ECF No. 5), but Defendants did not file a Reply.

18

///

19
20
21
22
23
24
25

---

[1] Plaintiff did not seek leave to file a supplement to its Reply, and as such, the Court is within its right to strike said Supplement. *See* LR 7-2(g) (requiring parties to request leave of court to file supplemental documentation and granting the Court the ability to strike such a rogue filing). However, good cause exists to consider the Supplement because it details information regarding subject matter jurisdiction that makes a substantive difference in this Court's decision. *Chemeon Surface Tech., LLC v. Metalast Int'l, Inc.*, No. 3:15-cv-00294-MMD-CBC, 2019 WL 938384, at *8 (D. Nev. Feb. 26, 2019) ("[T]he Court will only find good cause exists to allow . . . supplemental briefing if the proposed briefing will make a substantive difference.") (citation omitted).

[2] "A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g). "[T]he Court will only find good cause exists to allow . . . supplemental briefing if the proposed briefing will make a substantive difference." *Chemeon Surface Tech., LLC*, 2019 WL 938384, at *8 (citation omitted). The Court finds the contents of Defendants' Sur-Reply does not make a substantive difference. Accordingly, the Court DENIES Defendants' Motion for Leave to File Sur-Reply.

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand, **DENIES** Defendants' Motion for Leave to File Sur-Reply, and **DENIES as moot** Defendants' Motion to Dismiss.

## I.    BACKGROUND

This is an action for a deficiency judgment following foreclosure of real property removed from state court.  On July 6, 2022, Plaintiff filed the instant Complaint in the Eighth Judicial District Court of Nevada, alleging claims for (1) breach of contract and (2) declaratory relief. (*See generally* Compl., Ex. 1 to Pet. Removal, ECF No. 1-1).  On July 20, 2022, Defendants removed this action to federal court based on federal question and diversity jurisdiction. (Pet. Removal ¶ 1, ECF No. 1).

As to the former, Defendants aver in their Petition for Removal and Statement Regarding Removal that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's conduct violated Section 5(a) and 53(b) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), as well as unnamed sections of the False Claims Act. (Pet. Removal ¶ 1); (Statement Regarding Removal ¶ 11, ECF No. 6).

As to the latter, Defendants maintain there is complete diversity of citizenship between the parties.  Specifically, in their Petition for Removal and Statement Regarding Removal, Defendants state, based on information and belief, that Plaintiff is a Limited Liability Company and "a Delaware entity," (Pet. Removal ¶ 1), that is "wholly owned by 5 Arch Holdings, LLC, and/or 5 Arch Group, LLC both Delaware entities." (Statement Regarding Removal ¶ 2). Defendants state that they are "residents of Aliso Viejo, California." (Pet. Removal ¶ 2).  On August 12, 2022, Plaintiff filed the instant Motion to Remand. (Mot. Remand, ECF No. 8). The Court discusses Plaintiff's Motion to Remand below.

///

///

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question or diversity jurisdiction. 28 U.S.C. § 1441.  There are two primary bases for federal subject matter jurisdiction: (1) 28 U.S.C. § 1331, which grants district courts federal question over "all civil actions arising under the Constitution, laws, or treaties of the United States;" and (2) 28 U.S.C. § 1332, which grants district courts diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties' citizenships are completely diverse. 28 U.S.C. §§ 1331, 1332.  "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 9F.3d 543, 548 (9th Cir. 2018).

## III.  DISCUSSION

Plaintiff argues that remand is appropriate because Defendants failed to establish that this Court has either federal question or diversity jurisdiction. (Mot. Remand 6:3–8:28).  The Court will begin by addressing whether the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### A. Federal Question Jurisdiction

Plaintiff argues that the well-pleaded complaint rule precludes Defendants' removal to this Court because it did not allege federal claims in its Complaint. (Mot. Remand 7:25–8:28). The Court agrees.

///

"Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).  The "well-pleaded complaint rule,' provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. v. Locyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id.* (quoting *Gully v. First Nat. Bank*, 299 U.S. 109, 113 (1936) (holding that the federal controversy cannot be "merely a possible or conjectural one")).  "Thus, the rule enables the plaintiff, as 'master of the complaint,' to 'choose to have the cause heard in state court' 'by eschewing claims based on federal law.'" *Id.* (quoting *Caterpillar*, 482 U.S. at 3).

Here, Plaintiff's Complaint contains claims for breach of contract and declaratory relief. (*See generally* Compl., Ex. 1 to Pet. Removal).  Breach of contract is a state law claim, and Plaintiff's claim for declaratory relief, even if brought under the federal Declaratory Judgment Act,[3] "does not provide an independent basis for [] federal subject matter jurisdiction." *Plum Creek Timber Co., Inc. v. Trout Unlimited*, 255 F. Supp. 2d 1159, 1164 (D. Idaho 2003); *see Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005) ("Because the Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction, Nationwide was required to plead an independent basis for federal jurisdiction."); *Blackhawk Network Incorporated v. SL Card Company Inc.*, 589 F. Supp. 3d 1115, 1124 n.4 (D. Ariz. 2022) ("Blackhawk's claims for declaratory relief do not 'arise under' federal law for juridical

///

---

[3] Plaintiff appears to seek declaratory relief under both the federal Declaratory Judgment Act, 28 U.S.C. § 2202, and Nevada's Uniform Declaratory Judgement Act, NRS 30.030.  For the reasons set forth above, however, a claim under the federal Declaratory Judgment Act is insufficient to vest this Court with federal question jurisdiction.

1    purposes."). Therefore, Plaintiff's Complaint avoids federal question jurisdiction.[4]

2    Accordingly, because Plaintiff's Complaint only raises claims under state law, this action does

3    not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.

4        **B. Diversity Jurisdiction**

5        Next, the Court examines whether it has diversity jurisdiction. The issue here is

6    procedural: Plaintiff argues the Court lacks diversity jurisdiction because Defendants failed (1)

7    to properly allege their own citizenship, and (2) list the citizenship of Plaintiff's members in its

8    Notice of Removal and Statement Regarding Removal. (Mot. Remand 6:3–7:24). The Court

9    agrees.

10       Plaintiff correctly identifies two ways Defendants' removal insufficiently alleges

11   diversity jurisdiction. Before examining these two deficiencies, however, the Court briefly

12   discusses a third. Specifically, Defendants allege, on information and belief, that Plaintiff is a

13   Limited Liability Company and "a Delaware entity," (Pet. Removal ¶ 1), that is "wholly owned

14   by 5 Arch Holdings, LLC, and/or Arch Group, LLC both Delaware entities." (Statement

15   Regarding Removal ¶ 2). But "a petition alleging citizenship upon information and belief is

16   insufficient to establish diversity." *K. Durant Enterprises, LLC v. Swanson Travel Profs., Inc.*,

17   No. 13-cv-01534, 2014 545843, at *2 (C.D. Cal. Feb. 10, 2014) (quoting *Leslie v. Schering-*

18   *Plough Biopharma Corp.*, No. 09-cv-1278, 2009 WL 734101, at *1 (C.D. Cal. Mar. 18, 2009).

19   "Because Removing Defendants have alleged Plaintiff's citizenship on 'information and

20   belief,' the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship."

21   *Garcia v. Specialized Exp., LLC*, No. 10-cv-729, 2010 WL 2402889, *2 (C.D. Cal. June 8,

22   2010); *see Clear Blue Ins. Co v. B & G Realty, LLC*, No. 22-cv-7449, 2022 WL 18228181, at

23   _____

24   [4] Further, even if Defendants sought to assert federal counterclaims under the FTC Act and False Claims Act, the
     Court would still lack federal question jurisdiction because "any counterclaim based on federal law must
25   generally be raised in the state court action and does not provide a basis for removal." *Nugyen v. Burke*, No.
     2:14-cv-2379, 2014 WL 5305930, at *3 (E.D. Cal. Oct. 15, 2014); *Vaden v. Discover Bank*, 556 U.S. 49, 60
     (2009) ("[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction.").

*2 (C.D. Cal. Oct. 20, 2022) ("Jurisdictional allegations based on information and belief are insufficient to confer jurisdiction.").

Turning to Plaintiff's first argument, it contends that Defendants failed to establish their own citizenship by asserting they are residents, rather than citizens, of California. (Mot. Remand 7:3–24); (Pet. Removal ¶ 2). Plaintiff is correct that citizenship, not residence, is relevant for determining diversity jurisdiction.

"[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). Further, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*; *see Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile."). Without diversity of citizenship properly alleged, Defendants cannot invoke this Court's diversity jurisdiction.

Next, Plaintiff argues this Court lacks diversity jurisdiction because it is an LLC, and Defendants "fail[ed] to allege the citizenship of Plaintiff's owners/members, which is a requirement for establishing the citizenship of a [LLC]." (Mot. Remand 6:26–28). The Court agrees.

The "citizenship of an LLC is the citizenship of its members." *Smith v. Ocwen Loan Servicing, LLC*, No. 14-cv-2208, 2014 WL 8480452, at *1 (C.D. Cal. Oct. 29, 2014); *see*

*Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Here, because Defendants' "Notice of Removal contained no allegations regarding the citizenship of each of [Plaintiff's] members, it fails to establish that complete diversity between the parties exist, and, thus, that this Court had subject matter jurisdiction [over] this dispute."[5] *Buschman v. Anesthesia Bus. Consultants, LLC*, 42 F. Supp. 3d 1244, 1249 (N.D. Cal. 2014); *see City Lift Parking, LLC v. Park Plus Inc.*, No. 21-cv-03942, at *1 (C.D. Cal. May 13, 2021) ("Defendant's Notice of Removal does not affirmatively allege who the members of Plaintiff [an LLC] are, or what their individual citizenship is as required to establish complete diversity."); *Ka'u Mahi, LLC v. First Am. Title Ins. Company*, No. 20-cv-00448, 2020 WL 6205839, at *1 (D. Haw. Oct. 22, 2020) (determining that the defendant's notice of removal was insufficient to establish diversity jurisdiction where it failed to identify the citizenship of the owners and members that comprised the plaintiff, an LLC). Accordingly, because Defendants failed to adequately allege the citizenship of Plaintiff's members, they fail to establish that complete diversity between the parties exists. *See Wanger v. Spire Vision, LLC*, No. 13-cv-00054, 2013 WL 941383, at *1 (N.D. Cal. Mar. 8, 2013) (remanding action to state court because "Defendants have failed to allege adequately the citizenship of all the parties to this action. Limited liability companies, or LLC, are like partnerships in that they are a citizen of every state where its owners and members are citizens.").

In sum, the Court lacks both federal question and diversity jurisdiction over this matter. Accordingly, Plaintiff's Motion to Remand is GRANTED.

///

---

[5] Indeed, based on a supplemental filing submitted by Plaintiff, it appears that a member of its parent company, 5 Arch Group, LLC, is a citizen of California like the Defendants. (Supp. Reply 3:1–12, ECF No. 15); (Shawn Miller Decl. ¶¶ 1, 3, Ex. A to Supp. Reply, ECF No. 15-1). Thus, in addition to the procedural defects identified by the Court, even if Defendants were citizens of California, that the parties share citizenship destroys diversity jurisdiction.

1

## IV.    <u>CONCLUSION</u>

2       **IT IS HEREBY ORDERED** that Plaintiff's First Motion to Remand, (ECF No. 8), is

3  **GRANTED**.  The Clerk is instructed to remand this case back to the Eighth Judicial District

4  Court, Clark County Nevada and thereafter close this Court's case.

5       **IT IS FURTHER ORDERED** that Defendants' and Motion for Leave to File Sur-

6  Reply, (ECF No. 13), is **DENIED**.

7       **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 5), is

8  **DENIED as moot**.

9       **DATED** this __23__ day of March, 2023.

10

11  _____

12  Gloria M. Navarro, District Judge
    UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25